UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LUZ MENDOZA,

    Plaintiff,

v.                                                                                                  Civ. No. 23-1014 MV/GJF

HOME DEPOT, U.S.A., INC. and
TOBY YOCUM,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion to Remand and Memorandum in Support [ECF 7] ("Motion to Remand") and Defendants' Motion for Leave to File Amended Answer [ECF 13] ("Motion to Amend Answer"). The Motions are fully briefed. *See* ECFs 7; 12–15; 17. Fundamentally, the issue at the heart of these motions is whether Defendants can defeat remand by making a belated assertion that Plaintiff fraudulently joined a non-diverse department supervisor at Home Depot. Having considered the briefs and relevant law, and having held oral argument on the Motions on April 24, 2024 ("Hr'g"),[1] the Court concludes that this case falls outside federal diversity jurisdiction and should be remanded to state court. Consequently, the Court recommends[2] granting the Motion to Remand and denying as moot the Motion to Amend Answer.

---

[1] The Hr'g citation refers to an audio recording of the April 24, 2024 Motions Hearing stored on the Court's Liberty system. Neither the audio recording nor a transcript are currently available on CM/ECF; however, any party can obtain the recording through the Court's records department and have it transcribed.

[2] The Court files this Proposed Findings and Recommended Disposition ("PFRD") pursuant to the presiding judge's April 9, 2024 Order of Reference. ECF 19.

**I.  BACKGROUND**

Plaintiff filed her Complaint on August 8, 2023, in the Fifth Judicial District Court, Lea County, New Mexico, asserting claims against Defendant Toby Yocum for negligence and against Defendant Home Depot for premises liability, negligence, and respondeat superior. *See* ECF 1-2. Plaintiff's claims arise from an incident on March 28, 2021, in which she allegedly "tripped on material used to bind products sold at the [Hobbs, New Mexico] Home Depot" when she was "walking down an isle [sic] heading to check out." *Id*. ¶¶ 9–10.

On November 16, 2023, Defendants removed the case to this Court, asserting federal diversity jurisdiction.[3] ECF 1 at 2. As to the citizenship of the respective parties, Defendants asserted that Plaintiff was a citizen of New Mexico, Defendant Home Depot was a citizen of Georgia,[4] and "at the time of the filing of th[e] Notice of Removal [Defendant] Yocum is and was a citizen of Arizona." ECF 1 ¶¶ 6–8. Plaintiff's Motion to Remand and Defendants' Motion to Amend Answer soon followed. *See* ECFs 7; 13. In their response to Plaintiff's Motion to Remand and their briefing on the Motion to Amend Answer, however, Defendants assert a different ground for federal diversity jurisdiction not previously mentioned in their Notice of Removal:  that

---

[3] At the outset of the Motions Hearing, the Court sought to resolve a conflict concerning the date Home Depot was served as alleged in the Notice of Removal and in Defendants' briefing on its Motion to Amend Answer, noting that if the service date was as stated in the former, it would exceed the thirty days permitted under 28 U.S.C. § 1446(b). *See* Hr'g at 2:35–5:35. Defendants' counsel represented, and Plaintiff's counsel agreed, that Defendant Home Depot was served on October 20, 2023, as stated in the briefing, rather than on October 16, 2023, as stated in the Notice of Removal. *Id*. at 4:03–5:35. Given the parties' agreement on this point, *see id*. at 2:35-5:35, and the omission of this procedural ground from Plaintiff's Motion to Remand, the Court does not consider untimely removal to be among the reasons for remand in this case. *See Archuleta v. Lacuesta,* 131 F.3d 1359, 1366 (10th Cir. 1997) (Baldock, J., dissenting) (noting that every circuit that has addressed the issue has determined that a district court lacks the authority to remand *sua sponte* for a procedural defect not raised in response to removal).

[4] Defendants assert that Home Depot "is and was a citizen of Georgia[] inasmuch as it is a corporation with a principal place of business in the state of Georgia and headquarters in the State of Georgia." ECF 1 ¶ 7. Defendants drop a footnote that adds: "Home Depot is incorporated in Delaware." *Id*. at 2 n.1. On the basis of these allegations, the Court considers Defendant Home Depot to be a citizen of Delaware in addition to being a citizen of Georgia. *See* 28 U.S.C. § 1332(c)(1) (providing that for purposes of diversity of citizenship, a corporation is deemed a citizen of both the state in which it was incorporated and the state in which it has its principal place of business). Regardless, Defendant Home Depot's citizenship in both Georgia and Delaware does not affect the Court's analysis of diversity jurisdiction here.

Defendant Yocum—a party they now characterize as a "non-diverse defendant"—was fraudulently joined as a defendant in this case. *See, e.g.*, ECF 12 at 2 ("To address the Motion to Remand, this Court need only resolve one question: whether Plaintiff can defeat diversity jurisdiction by including a non-diverse Defendant that was not involved or even on the premises at the time of Plaintiff's accident."); ECF 17 at 3 (seeking leave to file an amended answer that would allege Plaintiff fraudulently joined Defendant Yocum).

## II.  PARTIES' PRIMARY ARGUMENTS

### A.  Plaintiff's Contentions

In her Motion to Remand, Plaintiff argues that Defendants have failed to satisfy their burden to prove diversity jurisdiction because their Notice of Removal fails to demonstrate complete diversity by a preponderance of the evidence. ECF 7 at 3–6.  In response to Defendants' attempt to assert fraudulent joinder as a basis for removal, Plaintiff insists that the Court may not retain jurisdiction on a ground not asserted in Defendants' Notice of Removal or Answer. ECF 14 at 2–3. Alternatively, if the Court considers Defendants' allegation of fraudulent joinder, Plaintiff maintains that Defendants cannot satisfy the "incredibly high" standard required to prove a fraudulent joinder claim. *Id*. at 5–8.

As for Defendants' Motion to Amend Answer, Plaintiff asserts that permitting Defendants to amend their Answer to assert fraudulent joinder would "not cure the procedural defect of failing to plead the same within [the] Notice of Removal." ECF 15 at 1. In short, Plaintiff maintains that Defendants have waived this theory of diversity jurisdiction. *Id*. at 2–3. Moreover, Plaintiff contends that Defendants lack an adequate justification for the untimely assertion of fraudulent joinder and, further, that permitting the amendment they seek would unduly prejudice Plaintiff. *Id*. at 3–6.

3

### B. Defendants' Contentions

For their part, Defendants urge the Court to consider and resolve their newly-asserted allegation of fraudulent joinder. ECF 12 at 2. Beginning with the premise that Defendant Yocum was not present at the subject Home Depot store at the time of Plaintiff's fall and "was in no way involved," Defendants maintain that Plaintiff joined Defendant Yocum in a bad faith effort to defeat diversity jurisdiction and without "any possibility that she can prevail on a negligence cause of action against [him.]" *Id*. at 4–5.

In support of their Motion to Amend Answer, Defendants represent that they have "discovered additional factual and jurisdictional information that warrants Defendants' [sic] to amend their answer." ECF 13 at 2. Insisting that their Motion to Amend Answer is both timely and "in the interest of justice," Defendants urge the Court to allow amendment "so th[e] Court may 'pierce the pleadings' to determine both the jurisdictional facts and whether Plaintiff has adequately established a claim against Mr. Yocum." ECF 17 at 2–4.

## III. APPLICABLE LEGAL STANDARDS

A party who removes a case to federal court must "affirmatively establish" that federal jurisdiction exists. *McPhail v. Deere & Co.*, 529 F.3d 947, 955–56 (10th Cir. 2008). In doing so, the removing party must also comply with the statutory requirement to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal that the removing party must overcome. *See Dutcher v. Matheson*, 733 F.3d 980, 984–85 (10th Cir. 2013). Moreover, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

When jurisdiction is based on diversity, as here, the removing party must show that there is complete diversity of citizenship among the adverse parties and that the amount in controversy exceeds the sum or value of $75,000.00. *Dutcher*, 733 F.3d at 987. "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id*. Fraudulent joinder is an exception to the complete diversity requirement that, in effect, allows a court to disregard the citizenship of a party who was fraudulently joined to defeat federal jurisdiction. *See id*. at 987–88. Fraudulent joinder must be "pleaded with particularity," *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956), and "established with complete certainty upon undisputed evidence," *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

In evaluating claims of fraudulent joinder, "all factual and legal issues [are] resolved in favor of the plaintiff" on a motion to remand. *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). The Tenth Circuit has described the standard for establishing fraudulent joinder as "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)" and has noted that it "entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at *1–2 (10th Cir. Apr. 14, 2000) (unpublished table decision) (citation omitted).

The party defending removal on the basis of fraudulent joinder carries its burden by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988; *see also Montano*, 211 F.3d at *1–2.

Given that the fraudulent joinder analysis is a jurisdictional inquiry, the Tenth Circuit has held that courts should "pierce the pleadings, consider the entire record, and determine the basis

5

of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004) (fraudulent joinder analysis is a jurisdictional inquiry); *Smoot*, 378 F.2d at 882 (federal courts may look beyond the pleadings to determine if joinder is fraudulent). This does not mean that a court will "pre-try . . . doubtful issues of fact to determine removability." *Smoot*, 378 F.2d at 882. Indeed, the fraudulent joinder "issue must be capable of summary determination." *Id*.

## IV. ANALYSIS

### A. Motion to Remand

#### a. Jurisdictional Grounds Asserted in Notice of Removal

To begin, Defendants' Notice of Removal fails on its face to affirmatively establish the existence of federal diversity jurisdiction. Defendants allege that "at the time of filing the Complaint, and this Notice of Removal, Plaintiff was and is a citizen of New Mexico" and that "at the time of the filing of the[] Complaint, and this Notice of Removal, HOME DEPOT is and was a citizen of Georgia" ECF 1 at 2. But Defendants provide a conspicuously narrower allegation concerning Defendant Yocum's citizenship: "*[a]t the time of the filing of this Notice of Removal*, TOBY YOCUM is and was a citizen of Arizona." ECF 1 at 2 (emphasis added). That is, Defendants make no mention of Defendant Yocum's citizenship at the filing of the Complaint. Yet, for purposes of determining diversity of citizenship, the Court must consider the parties' citizenship at the time the action was commenced.[5] *See Siloam Springs Hotel, L.L.C. v. Century*

---

[5] At the hearing, Defendants suggested that Defendant Yocum's citizenship was determined at the time he was served. *See* Hr'g at 16:34–17:20.  But they did not cite any authority to support this proposition and the Court is aware of no such authority. Plaintiff, in turn, has suggested that "citizenship for purposes of diversity is considered at the time of the filing of the lawsuit, *not at the time the case was removed*." ECF 7 at 5 (citing *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1173 (D.N.M. 2015); *McEntire v. Kmart Corp.*, No. 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010)) (emphasis added). Recent pronouncements by the Tenth Circuit cast doubt on the accuracy of this statement of the law, however. For instance, in *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754 (2021), the

*Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) (citations omitted) ("it is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").).

At the hearing, Defendants' counsel acknowledged that Defendant Yocum was served at his New Mexico residence shortly after Plaintiff filed her Complaint. Hr'g at 16:00–17:20. Defendants' counsel explained, however, that at the time of removal Defendants were under a mistaken belief that Defendant Yocum had long been a domiciliary of Arizona. *Id*. at 10:48–13:20, 14:55–15:55. Counsel clarified that Defendants no longer contest Defendant Yocum's New Mexico citizenship. *Id*. at 16:55–18:40. In light of this concession, it is undisputed that diversity of citizenship—at least in the traditional sense—is wanting.

### ii. New Jurisdictional Ground Asserted in Response to Motion to Remand

Having effectively abandoned their position that Defendant Yocum's citizenship is diverse from that of Plaintiff, Defendants pivot in their response brief to a new jurisdictional theory noticeably absent from their Notice of Removal and their Answer. They assert for the first time that Defendant "Yocum was fraudulently joined in this action for the purpose of defeating complete diversity of citizenship that otherwise exists between the parties." ECF 12 at 2. But putting aside the merits of the fraudulent joinder claim, there is a fundamental problem with Defendants' position: the fraudulent joinder claim was simply not raised in the Notice of Removal. Instead, the Notice of Removal was premised solely on the jurisdictional position that Defendants were citizens of Arizona and Georgia, whereas Plaintiff was a citizen of New Mexico. Plaintiff

---

Tenth Circuit indicated that "[w]hen diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Id.* at 757 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); 14C Wright & Miller, Federal Practice and Procedure § 3723 (4th ed. July 2020)). For present purposes, the Court is satisfied that the parties' citizenship at the filing of the Complaint that is of foremost consequence, as Plaintiff and Defendant Yocum were both citizens of New Mexico at that time and are therefore non-diverse.

characterizes Defendants' recent attempt to inject fraudulent joinder into the jurisdictional discussion as untimely and improper. The Court agrees with this assessment.

As Plaintiff observes, removal is a statutory right for which the relevant procedures must be strictly followed. *See* ECF 14 at 2 (citing *Bailey v. Markham*, 611 F. Supp. 3d 1177, 1210 (D.N.M. 2020)). Pursuant to 28 U.S.C. § 1446, a Notice of Removal must contain a "short and plain statement of the grounds for removal." § 1446. And here, the Notice of Removal does not make any reference to fraudulent joinder. In Plaintiff's view, failure to identify fraudulent joinder as a ground for removal in the removal notice precludes a post-removal assertion of the ground. This view finds support in case law from this circuit.

In *Bailey v. Markham*, for instance, Judge Browning acknowledged that amending a removal notice could correct an imperfect statement of citizenship, elaborate on previously-asserted grounds, or clarify the jurisdictional amount, but he emphasized that the amendment in most cases could not "add completely new grounds for removal or furnish missing allegations." *Id*. (quoting 14C Wright & Miller, Federal Practice & Procedure § 3733, at 651–59 (4th rev. ed. 2019)); *accord Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1293 (D.N.M. 2011). Judge Browning went so far as to suggest that the Court could not *sua sponte* retain jurisdiction on the basis of a ground present but not relied upon at the time of removal. *Id*. (citing 14C Wright & Miller § 3733, at 651–59).

In addition, Plaintiff highlights the rationale expressed by the Western District of Oklahoma under a nearly identical scenario. In *Hanson v. Dollar Gen.*, No. CIV-21-362-D, 2021 WL 2026452, at *2 (W.D. Okla. May 20, 2021), the defendants raised fraudulent joinder for the first time in their response to the plaintiff's motion to remand. *Id*. at *1. The court reasoned that doing so was "ineffectual to satisfy [the d]efendants' obligation as the removing party to plead and

prove the existence of federal jurisdiction." *Id*. at *3. Moreover, the court observed that omission of the fraudulent joinder claim from the removal notice prevented the plaintiff from challenging it in her motion to remand, leaving her with only the reply brief in which to dispute the assertion. *Id*. The same is true here.

To the extent Plaintiff suggests it was improper for Defendants to first invoke fraudulent joinder in their response brief, the Court agrees. Based on the present pleadings, Defendants have not met their burden to plead and prove the existence of federal jurisdiction. Nor have they offered any authority to suggest the Court may consider a fraudulent joinder claim not asserted in the Notice of Removal or Answer. Hr'g at 24:39–27:43 (defense counsel acknowledging that he could not cite a case with a similar fact pattern that would contradict Plaintiff's theory that a motion to remand cannot be defeated by asserting jurisdictional grounds not included in the removal notice).

Defendants have not asserted that they were unable to present the fraudulent joinder theory at the time of removal. Rather, their counsel conceded at the Motions Hearing that they had available to them on the date of removal the facts sufficient to allege fraudulent joinder as a basis for federal diversity jurisdiction. Hr'g at 10:34–10:56. Relatedly, Plaintiff notes that Defendant Yocum filed his *pro se* Answer in state court on September 15, 2023, some two months *before* Defendants removed the case to federal court. ECF 14 at 4. In other words, the statement on which Defendants now principally rely for purposes of proving fraudulent joinder was known to them when they removed this case. Thus, Defendants could have alleged fraudulent joinder at removal, but simply failed to do so.

Under these circumstances and in light of the strict construction accorded the removal statute, the Court concludes that Defendants may not raise, and the Court need not consider, the untimely fraudulent joinder claim advanced for the first time in Defendants' response brief.

9

Defendants having failed to satisfy their burden to plead sufficient jurisdictional facts to establish federal jurisdiction, the Court recommends that the Court grant Plaintiff's Motion to Remand.

### iii. Merits of Defendants' Fraudulent Joinder Claim

Alternatively, even if the Court were to consider Defendants' untimely and out-of-place fraudulent joinder claim, the Court concludes that Defendants remain unable to satisfy their heavy jurisdictional burden. To establish fraudulent joinder, Defendants must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability by Plaintiff to establish a cause of action against Defendant Yocum in state court. *See Dutcher*, 733 F.3d at 988. Defendants have failed to demonstrate fraudulent joinder either way.

Defendants first assert that Plaintiff has "act[ed] in bad faith by keeping Mr. Yocum in the litigation for the purpose of defeating diversity jurisdiction." ECF 12 at 4. But the Court discerns no such bad faith on the part of Plaintiff. Defendants point to two documents in the record in support of their assertion of bad faith.[6] First, they refer the Court to Defendant Yocum's "*pro se* Answer," which he filed in state court on September 15, 2023. ECF 12 at 4–5. In this signed but unsworn statement, Defendant Yocum states merely that he "was not present when [the] incident happened." ECF 12 at 4 (citing ECF 7-3). Second, Defendants submit a December 15, 2023 email to Plaintiff's counsel in which Defendants' counsel remarked that it is "unclear why [Plaintiff] is suing" Defendant Yocum given his statement "that he was not there" and in which Defendants' counsel inquires, "Why don't you just dismiss him?" ECF 12-1 at 2. According to Defendants, Plaintiff's counsel did not respond to this inquiry, and Defendants fault Plaintiff for "continu[ing] to pursue [her] motion to remand despite the direct knowledge that Mr. Yocum was not involved

---

[6] Defendants also represent that Defendant Yocum "was not scheduled to work" on the day of the incident. ECF 12 at 5. Defendants offer no evidentiary support for this representation of counsel, nor do they identify the source of such information. The Court therefore disregards this argument as unsupported and undeveloped.

in the incident at hand." ECF 12 at 5. It follows, Defendants suggest, that "the only explanation for Plaintiff to keep Mr. Yocum in th[e] litigation is Plaintiff's bad faith attempt to defeat diversity." ECF 12 at 5. The Court disagrees.

Although Defendants insist that Defendant Yocum's unsworn Answer demonstrates "with certainty" that he was not present and therefore cannot be liable for Plaintiff's fall, *see* Hr'g at 25:33–33:45, the Court is less sanguine. After all, Plaintiff makes a contrary factual allegation in her Complaint, asserting that Defendant Yocum *was* present and working at the time of Plaintiff's incident. ECF 1-2 ¶ 32. And notably, Plaintiff supplies documentary support for her allegation—Home Depot's incident report corresponding to the underlying incident. *See* ECF 14, Ex. A. According to that incident report, Plaintiff fell in the plumbing department, aisle 09, bay 1, and the report identifies Defendant Yocum as the department supervisor. *See id.*

The Court cannot say that Defendant Yocum's *pro se* Answer, which appears to be at odds with the incident report and Plaintiff's allegations in her Complaint, establishes fraudulent joinder "with complete certainty upon undisputed evidence." *Smoot*, 378 F.2d at 882. Moreover, Plaintiff's counsel outlined compelling litigation purposes, apart from defeating federal diversity jurisdiction, that could make inclusion of a local individual defendant beneficial to Plaintiff. Hr'g at 45:50–46:50. Counsel opined, for instance, that naming an individual defendant would ensure that a party would be present at trial, which in his assessment is preferable to trying a case using primarily deposition excerpts. *Id*. at 46:50–47:07. He also noted that punitive damages can be easier to prove against a department supervisor than a corporation. *Id*. at 47:10–47:38. And finally, he emphasized that there were benefits to having an individual defendant from a discovery standpoint. *Id*. at 47:38–47:58.

At the hearing, Defendants' counsel argued that the sequence of service in this case was indicative of a bad faith attempt to defeat federal diversity jurisdiction. Hr'g at 28:57–29:37; 39:45–41:31. He noted that Plaintiff served Defendant Yocum approximately two months before she served Defendant Home Depot. *Id*. But the Court can perceive no bad faith related to the sequence of service. Pursuant to 28 U.S.C. § 1446(b)(2)(c), a later-served defendant may still remove a case to federal court even though the earlier-served defendant did not initiate removal. § 1446(b)(2)(c). In fact, that is precisely what happened here: Defendant Home Depot, the later-served defendant, removed the case to federal court. The Court is unpersuaded that the sequence of service bears on the fraudulent joinder analysis or suggests bad faith. For this reason and the reasons articulated above, the Court concludes that Defendants have failed to establish actual fraud by Plaintiff in her pleading of jurisdictional facts or otherwise.

Turning to the second method for establishing fraudulent joinder, Defendants insist that Plaintiff cannot prove the negligence claims she asserts against Defendant Yocum. ECF 12 at 5. To prevail on this theory, Defendants must show that there is "no possibility" of the right to relief against Defendant Yocum under state law. *See Montano*, 211 F.3d at *1–2 (citation omitted). And, notably, the Tenth Circuit has specified that this "standard is even more exacting than that for dismissing a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Id*.

Defendants posit that "[b]ecause Plaintiff was not present on Home Depot's premises on the date of Plaintiff's incident and was in no way involved," Plaintiff cannot prove that Defendant Yocum breached a duty owed to her. ECF 12 at 5. At the hearing, Defendants counsel indicated that the record, as it presently exists, should leave the Court completely certain of Plaintiff's inability to state a claim against Defendant Yocum. Hr'g at 35:33–33:45. But Defendants' logic suffers from two crucial flaws.

12

First, as discussed above, Defendant Yocum's version of events is not the only version with which the Court must contend. Plaintiff unambiguously asserts that Defendant Yocum was "present and working" as the department supervisor at the time of the underlying incident. ECF 1-2 ¶ 32. And critically, factual disputes—such as whether or not Defendant Yocum was in fact present—are to be resolved in favor of the non-removing party, Plaintiff here. *See Dutcher*, 733 F.3d at 988 (quoting *Pampillonia*, 138 F.3d at 461) ("all factual and legal issues [are] resolved in favor of the plaintiff" on a motion to remand).

Second, even if the Court were to accept at face value Defendant Yocum's *pro se* Answer that he was not at the store at the time of the underlying incident, Plaintiff's claims still leave room for liability. As Plaintiff put it in her reply brief, "[s]imply because [Defendant Yocum] claims he was not working on the date of the incident does not relieve [him] from all potential liability." ECF 14 at 7. Plaintiff's Complaint alleges that Defendant Yocum breached duties as an "employee/manager" by failing to properly train or supervise employees regarding the danger of debris in the aisles, by failing to make regular inspections of the floor, and by failing to ensure that employees made regular inspections of the floor. ECF 1-2 ¶¶ (a)–(g). Even assuming Defendant Yocum was absent from the store at the time of Plaintiff's alleged fall, it does not necessarily follow that Plaintiff cannot establish that he breached a duty to supervise or train those within his supervision who *were* present at the relevant time. As the Court observed at the hearing, training and supervision generally persist outside of a supervisor's physical presence at the place of employment. Hr'g at 37:30–37:54. Under New Mexico law, employees may be liable to an injured plaintiff if they direct or ratify tortious conduct leading to the plaintiff's injury. *See Stinson v. Berry*, 943 P.2d 129, 133 (N.M. 1997) (explaining that the individual defendant, there a corporate director, could be personally liable, along with the corporation, if he "directed, controlled,

13

approved or ratified the activity that led to the injury"); *see also* Restatement (Third) of Agency § 7.01 (2006) (An "agent is subject to liability to a third party harmed by the agent's tortious conduct[, and] an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment.").

At the hearing, Defendants' counsel argued that Plaintiff cannot state a claim against Defendant Yocum for failure to train or supervise, because Defendant Yocum was not responsible for supervising employees in the area of the store where Plaintiff fell, and because it was the store's general manager, not Defendant Yocum, who would have had responsibility for overseeing the entire store. Hr'g at 37:30–39:55. These unsupported representations by counsel fall far short of the showing required for a fraudulent joinder claim, particularly where Home Depot's own incident report purports to attribute supervising responsibility for the relevant department to Defendant Yocum. In the Court's view, Defendants cannot demonstrate that Plaintiff's claims, assuming their truth, would fail to survive the more familiar but less exacting 12(b)(6) standard, and Defendants certainly fail to show there is "no possibility" of sustaining claims against Defendant Yocum under state law.

In sum, even if the Court were to forgive Defendants' failure to invoke fraudulent joinder in their Notice of Removal and reach the merits, the Court would still conclude that Defendants have not carried their burden of demonstrating bad faith or an inability to establish a cause of action against Defendant Yocum. Ultimately, the Court finds and concludes that Defendants have neither pled a fraudulent joinder claim with particularity nor proven it with certainty. Bearing in mind that removal statutes are to be strictly construed, and all doubts are to be resolved against removal, *see Fajen*, 683 F.2d at 333, the Court concludes that remand is proper here. For all of these reasons, the Court recommends that Plaintiff's Motion to Remand be granted.

### iv. Request for Fees and Costs

In their Motion to Remand and the Reply thereto, Plaintiff seeks attorneys' fees and costs for improper removal under 28 U.S.C. § 1447(c). ECF 7 at 6; ECF 14 at 8. As Defendants' counsel conceded at the hearing, Defendants failed to respond to this request. Hr'g at 42:32–43:02 (indicating that Defendants' failure to respond to Plaintiff's request for fees and costs was an oversight). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). Moreover, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

For purposes of federal diversity jurisdiction, the law requires complete diversity of citizenship at the commencement of the action. *See Siloam Springs Hotel*, 781 F.3d at 1239. Nonetheless, Defendants' Notice of Removal invoked traditional diversity jurisdiction without making any assertion as to Defendant Yocum's citizenship at that critical time. And although Defendants have since abandoned this invalid theory of diversity jurisdiction in favor of a fraudulent joinder claim, the Court notes that Defendants' justification for asserting fraudulent joinder (*i.e.*, Defendant Yocum's *pro se* Answer) was known to them at the time of removal. *See* Hr'g at 10:34–13:20 (defense counsel conceding that Defendant Home Depot had available to it at removal the facts necessary to allege fraudulent joinder). Yet, Defendants did not assert fraudulent joinder or reference 28 U.S.C. § 1446(c)(1) in their Notice of Removal; nor did they timely move to amend their removal notice to include such a claim. Under these circumstances,

15

the Court concludes that Defendants lacked an objectively reasonable basis for removal and that an award of fees and costs is "just" as required by 28 U.S.C. § 1447(c).

In response to the Court's inquiry, Plaintiff's counsel offered what he characterized as a conservative estimate of hours expended in seeking remand to state court. *See* Hr'g at 55:20–56:59. He estimated that his co-counsel Jodee Rankin, who performed the bulk of the research and briefing, had devoted at least seven hours to the remand issue. *Id*. at 56:27–56:45. He further represented that he personally had spent at least four hours preparing for and appearing at the Motions Hearing. *Id*. According to Plaintiff's counsel, a district court in Lubbock had recently awarded him and Ms. Rankin fees at the rate of $400 and $250 per hour, respectively. *Id*. at 55:56–56:27. Plaintiff's counsel confirmed that Plaintiff was seeking attorney's fees but not any related costs. *Id*. at 56:45–56:59. Although Defendants' counsel was afforded an opportunity to respond, he did not take issue with either the number of hours expended or the rates sought by Plaintiff. *See id*. at 57:34–58:26.

The Court considers both the estimate of hours and the hourly rates to be reasonable under the circumstances and uncontested by Defendants. The Court will therefore recommend an award of $3,350 in fees to Plaintiff by Defendants for their removal of this case on an objectively unreasonable basis.

### B. Motion to Amend Answer

Shortly after filing their response to Plaintiff's Motion to Remand, Defendants moved to amend their Answer, asserting that they had "discovered additional factual and jurisdictional information that warrants Defendants' [sic] to amend their answer." ECF 13 at 1–2. Defendants' motion does not elaborate on the new information other than to indicate that it was discovered on January 3, 2024. *See id*. at 2–3. At the hearing, Defendants' counsel explained that the additional

information was the timing of Defendant Yocum's relocation to Arizona and its implications for traditional diversity of citizenship. Hr'g at 14:26–14:40. Plaintiff opposes Defendants' motion, arguing that it "should not be entertained by this Court," as it "will not cure the procedural defect of failing to plead [fraudulent joinder] within [the] Notice of Removal." ECF 15 at 1.

At the hearing, counsel for Plaintiff and Defendants agreed that Defendants' Motion to Amend Answer would be mooted by a determination that this Court lacks diversity jurisdiction. Hr'g at 58:36–1:01:41. Because the Court has concluded that Plaintiff's Motion to Remand should be granted for lack of diversity jurisdiction, the Court recommends that Defendants' Motion to Amend Answer be denied as moot.

## V.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **GRANT** Plaintiff's Motion to Remand [ECF 7], **DENY AS MOOT** Defendants' Motion to Amend Answer [ECF 13], and remand this matter to the Fifth Judicial District Court. **IT IS FURTHER RECOMMENDED** that the Court order Defendants to pay $3,350.00 in attorney's fees to Plaintiff's counsel within 30 days of the Court's final disposition of the motions before it.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.